STEPHEN J. SAVVA, P.C.
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 245-5820 / (646) 514-3543 - Fax
Email: SJSavvaPC@aol.com

ATTORNEYS FOR DEFENDANTS                                        ECF CASE

**UNITED STATES DISTRICT COURT**               14-Civ-2907 (KMK) (LMS)
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SALLY FERREIRA,

                Plaintiff,

       v.                                                              **ANSWER**

CURTIS J. JACKSON, III p/k/a "50 CENT,

                Defendant.
---------------------------------------------------------------------- x

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

      Defendant CURTIS J. JACKSON, III p/k/a "50 CENT ("Defendant"), by and through his attorneys, STEPHEN J. SAVVA, P.C., answer Plaintiff's SALLY FERREIRA's Complaint for violations of the New York State Civil Rights Law, Defamation and Intentional Infliction of Emotional Distress ("Complaint") as follows:

**AS AND FOR "JURISDICTION AND VENUE**

      1.      Paragraph "1" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Court as set forth in this Paragraph.

      2.      Paragraph "2" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth

in Paragraph "2" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction and venue of the Court as set forth in this Paragraph and that the Defendant does not assert any jurisdictional defenses relating to service of process.

## AS AND FOR "THE PARTIES"

3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint.

4.     Defendant admits the allegations set forth in Paragraph "4" of the Complaint.

## AS AND FOR "BACKGROUND"

5.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint.

6.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint, except admits that the Plaintiff has appeared in the music videos for the songs known as "I Like The Way She Do it ft. Young Buck" by G-Unit and "OK, You're Right" by 50 Cent.

7.     Defendant denies the allegations set forth in Paragraph 7, except admits that Defendant is a businessperson, entrepreneur, screenwriter, executive producer, actor and entertainer in the music industry also performing under the name "50 Cent."

8.     Defendant denies the allegations set forth in Paragraph "8" of the Complaint, except admits that Defendant is a successful entertainer in the music industry, having released multiple records and albums, including the most recent release on June 3, 2014 entitled "Animal Ambition."

9.     Defendant denies the allegations set forth in Paragraph "9" of the Complaint, except admits that Defendant has entered into several business ventures with entities, such as Glacéau Water

Co., Inc. and SMS Audio, LLC.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint, except admits that there are multiple accounts on Twitter and Instagram with his name and photo on them that are followed by millions of people.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint, except admits that Plaintiff appeared in the music videos for the songs known as "I Like The Way She Do it ft. Young Buck" by G-Unit and "OK, You're Right" by 50 Cent.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint.

15. Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint, and refers to the authenticated original source of any internet postings or documents to confirm or deny the truth of any content alleged therein.

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint, and refers to the authenticated

original source of any internet postings or documents to confirm or deny the truth of any content alleged therein.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Complaint, and refers to the authenticated original source of any internet postings or documents to confirm or deny the truth of any content alleged therein.

20. Paragraph "20" of the Complaint sets forth a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph "30" of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint, except admits that the posting was removed shortly after it appeared on Instagram.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "37" of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of the Complaint.

39. Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph "42" of the Complaint.

43.     Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44.     Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

45.     Defendant denies the allegations set forth in Paragraph "45" of the Complaint.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "47" of the Complaint.

48.     Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

49.     Defendant denies the allegations set forth in Paragraph "49" of the Complaint.

50.     Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

51.     Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

## "AS AND FOR A FIRST CLAIM"
(Defamation)

52.     In response to Paragraph 52, Defendant incorporates his responses to each and every allegation contained in Paragraphs 1 through 51 with the same force and effect as if fully set forth herein.

53.     Paragraph "53" of the Complaint sets forth a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54.     Paragraph "54 of the Complaint sets forth a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

55. Paragraph "55" of the Complaint sets forth a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

56. Defendant denies the allegations set forth in Paragraph "56" of the Complaint.

57. Paragraph "57" of the Complaint sets forth a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

58. Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

59. Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

60. Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

## "AS AND FOR A SECOND CLAIM"
(Intentional Infliction of Emotional Distress)

61. In response to Paragraph 61, Defendant incorporates his responses to each and every allegation contained in Paragraphs 1 through 60 with the same force and effect as if fully set forth herein.

62. Paragraph "62" of the Complaint sets forth a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

63. Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

64. Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65. Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

## "AS AND FOR A THIRD CLAIM"
(Violations of Sections 50 and 51 of the New York Civil Rights Law)

66. In response to Paragraph 66, Defendant incorporates his responses to each and every

allegation contained in Paragraphs 1 through 65 with the same force and effect as if fully set forth herein.

    67.    Paragraph "67" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

    68.    Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

    69.    Defendant denies the allegations set forth in Paragraph "69" of the Complaint

    70.    Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

    71.    Paragraph "71" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

    72.    Defendant denies the allegations set forth in Paragraph "72" of the Complaint.

### AS AND FOR "PRAYER FOR RELIEF"

Defendants deny that Plaintiffs are entitled to judgment or relief, including subparts "a" through "e" thereto.

### AS AND FOR "JURY DEMAND"

Defendants deny that Plaintiffs are entitled to a jury trial on all aspects of their claims.

### AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

### AS A FOR A FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

The statements alleged to have been made by Defendant are protected under the First Amendment to the United States Constitution and Article 1, Section 8 of the New York Constitution.

## AS AND FOR A THIRD DEFENSE

The statements alleged to have been made by Defendant are true or substantially true.

## AS AND FOR A FOURTH DEFENSE

All claims are barred in whole or in part by the Incremental Harm Doctrine.

## AS AND FOR A FIFTH DEFENSE

Plaintiff failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce the injuries, damages, and disabilities alleged in the Complaint.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's' claims are barred by the doctrine of "unclean hands."

## AS AND FOR A SEVENTH DEFENSE

The statements alleged to have been made by Defendant constitute privileged fair comment or reports on matters of public interest and concern.

## AS AND FOR AN EIGHTH DEFENSE

At all times relevant to the Complaint, Plaintiff was a public figure and/or a limited purpose public figure, and cannot prove by clear and convincing evidence that Defendant published any actionable statements with actual malice.

## AS AND FOR A NINTH DEFENSE

If the Plaintiff has been injured and damaged as alleged in the Complaint, such injury and damage were caused and contributed to by Plaintiff's own conduct, negligence, carelessness, or want of care; and, if it be determined that Plaintiff is entitled to recovery herein as against answering

Defendant, such recovery should be apportioned between Plaintiff and answering Defendant according to their relative responsibility therefor.

## AS AND FOR A TENTH DEFENSE

Upon information and belief, any past or future costs or expenses incurred, or to be incurred by Plaintiff for medical care, dental care, custodial care, or rehabilitative services, loss of earnings, or other economic loss has been, or will with reasonable certainty be, replaced or indemnified, in whole or in part, from a collateral source, as defined in CPLR 4545(c), and, consequently, if any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount that Plaintiff has received, or shall receive, from the collateral source.

## AS AND FOR AN ELEVENTH DEFENSE

Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the Defendant.

## AS AND FOR A TWELFTH DEFENSE

The statements alleged in the Complaint are not reasonably susceptible of the defamatory meaning that Plaintiff ascribes to them.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff cannot sustain her burden of proving that she has suffered any damage proximately caused by the Defendant.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff has failed to join necessary an indispensable party to this action and therefore the requested relief should be denied.

**AS AND FOR A FIFTEENTH DEFENSE**

If Plaintiff was damaged, which Defendant denies, she was damaged by the conduct of persons other than the Defendant.

**AS AND FOR A SIXTEENTH DEFENSE**

By reason of the First and Fourteenth Amendments to the Constitution of the United States, the Defendant is immune from liability for punitive damages under the circumstances alleged in the Complaint.

**AS AND FOR AN SEVENTEENTH DEFENSE**

Because Plaintiff's Complaint is phrased in vague and conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action.

Accordingly, the right to assert additional defenses, to the extent such further and additional defenses as applicable, is hereby reserved.

Dated: New York, New York
July 7, 2014

STEPHEN J. SAVVA. P.C.

By: /s/ Stephen J. Savva, Esq.  (SS-2237)

By: /s/ John T. Carlton, Esq. (JC-0774)

546 Fifth Avenue, 6th Floor

New York, New York, 10036

(212) 245-5820 - Office

(646) 514-3543 - Fax

SJSavvaPC@aol.com

JTCarltonLaw@yahoo.com

Attorneys for Defendant

*Curtis J. Jackson III p/k/a "50 Cent"*

## *CERTIFICATE OF SERVICE*

I hereby certify that on **July 7, 2014**, a true copy of the foregoing **ANSWER** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Courts' ECF Filing System and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
      July 7, 2014

By:    /s   Stephen J. Savva, Esq.
Stephen J. Savva, Esq. (SS-2237)